UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                               :

LARRY CARR,                          :

                     Plaintiff,     :

          -against-            :

                                 :

THE STATE OF NEW YORK, *et al.*,    :

                    Defendants. :

                                 :

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/2016

15 Civ. 9012 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Larry Carr, proceeding pro se, brings this action against the State of New York;

Eric T. Schneiderman, Attorney General of the State of New York, in his official capacity;

Pamela D. Hayes, an attorney who represented Plaintiff and his former wife in the sale of their

property in Sag Harbor, New York (the "Property"); and Regina L. Darby, Plaintiff's attorney in

a matrimonial action.  Plaintiff claims that Defendants violated 42 U.S.C. § 1983 by allegedly

depriving him of proceeds of the sale of the Property on June 11, 2008.  Plaintiff seeks money

damages and injunctive relief on his claims of equal protection and procedural due process

violations under the Fourteenth Amendment of the U.S. Constitution.  Defendants move to

dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim

under Rule 12(b)(6).  For the following reasons, Defendants' motions are granted.

## I.      BACKGROUND

       The following facts are taken from the First Amended Complaint (the "Complaint"),

documents attached to or integral to the Complaint, and facts of which the Court is permitted to

take judicial notice.  As required for the present motion, all factual allegations in the Complaint

are assumed to be true.

Plaintiff and his former wife, Christina Clements, divorced on July 2, 2008.  Under the terms of their divorce, Plaintiff and Christina Clements agreed to sell the Property, which they jointly owned.  Defendant Hayes represented both Plaintiff and Clements at the closing of the sale of the Property on June 11, 2008.  The sale price was $700,000.  At the closing, Plaintiff was issued a check for $67,077.78, representing half of the net proceeds from the sale.

Attorney Hayes held a deposit on the contract in the amount of $34,000, took receipt of the remaining net proceeds of $28,412, and issued a check to Plaintiff for $15,500, but immediately stopped payment on the check.  The following day, on June 12, 2008, an "emergency hearing" was held before a state court and Attorneys Darby and Hayes demanded that Plaintiff turn over to Defendant Hayes the $67,077.78 he had received the day before because the attorneys had not been paid.

On July 21, 2008, Plaintiff filed an Order to Show Cause in the New York State Supreme Court seeking release of the closing statement and his share of the net proceeds from the sale of the Property.  In response, Defendant Hayes provided to the court and Plaintiff a closing statement and a copy of the Federal HUD-1 Statement.  The closing statement was formatted as an application to a court and contained a heading that referenced the Supreme Court, State of New York, Suffolk County, but listed no index number.  The Complaint alleges that the closing statement was defective in several ways:  (1) including the statement, "monies held by Court $10,063.53," with a footnote reading "Money taken to cover filings," without proof that a court held the money; (2) listing the sale price as $680,000 while the HUD-1 form listed the sale price as $700,000; and (3) reflecting a payment for $73,706.26 to Defendant Darby, which Plaintiff claims he did not authorize.

On April 8, 2010, Plaintiff brought an action in the New York State Supreme Court,

*Larry Carr v. Hayes et al.*, No. 104602/2010, against Defendants Hayes and Darby, and Plaintiff's ex-wife, Clements, alleging breach of fiduciary duty, fraud, aiding and abetting fraud, conversion, attorney malpractice, and violation of Judiciary Law § 487.  On June 17, 2011, the New York State Supreme Court issued an order dismissing Hayes and Clements from the suit. Plaintiff appealed the decision, which the Appellate Division affirmed on February 16, 2012. Plaintiff subsequently sought to subpoena records from Hayes.  Hayes moved to quash the subpoena, and the motion was granted on March 4, 2015.  The docket sheet in the state court action shows that in February 2016, Carr sought to appeal the order to quash and was granted time to perfect his appeal before the Appellate Division, First Department.  The state court action against Darby has been stayed pending the appeal.

Plaintiff claims he sought assistance from the State Attorney General to recover his real estate proceeds, which he understood were being held by the Suffolk County State Supreme Court based on the Closing Statement.  On February 19, 2014, Carr received a letter from the State Attorney General stating that Plaintiff's complaint had been forwarded to the Consumer Frauds Bureau for further review.  The Complaint alleges that "no further action was taken."

On February 24, 2014, Plaintiff wrote to an Administrative Judge in the Suffolk County Supreme Court to inquire about the $10,068.53 listed on the Closing Statement as being held by that court.  On March 27, 2014, Plaintiff received a letter from the Principal Law Clerk of the Suffolk County District Administrative Judge's Office stating that they had no record of the $10,068.53 supposedly deposited with the court.

## II.     LEGAL STANDARD

In defending an action against a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of proving the court's subject matter jurisdiction by a preponderance of the evidence.

3

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In considering such motions, a court may rely on evidence outside of the pleadings.  *See Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015) (citing *Marakova*, 201 F.3d at 113).

In resolving Rule 12(b)(6) motions to dismiss for failure to state a claim, courts are limited to reviewing the complaint itself and "any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint."  *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005).  Courts may also take judicial notice of matters of public record when considering motions to dismiss.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

To withstand dismissal under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Federal Rule of Civil Procedure 8 "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

In construing complaints by plaintiffs proceeding pro se, courts "appl[y] a more flexible standard to evaluate their sufficiency than [they] would when reviewing a complaint submitted by counsel."  *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 140 (2d Cir. 2000); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded,

4

must be held to less stringent standards than formal pleadings drafted by lawyers." (citation

omitted)).  Thus, courts are obligated to construe pro se pleadings with "'special solicitude,'

interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'"  *Hill v. Curcione*,

657 F.3d 116, 122 (2d Cir. 2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of

Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)).

## III.   DISCUSSION

### A.   Eleventh Amendment

The Eleventh Amendment bars Plaintiff's claims against the State of New York and the

Attorney General acting in his official capacity.  Under the Eleventh Amendment, "'state

governments may not be sued in federal court unless they have waived their Eleventh

Amendment immunity,' or unless Congress has 'abrogate[d] the states' Eleventh Amendment

immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment.'"

*Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quoting *Woods v. Rondout Valley Cent.

Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)).  Similarly, "a suit against a state

official in his or her official capacity is not a suit against the official but rather is a suit against

the official's office.  As such, it is no different from a suit against the State itself."  *Will v.

Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464,

471 (1985)).  Suits for monetary damages against a state or its officials acting in their official

capacities are clearly barred by the Eleventh Amendment unless the state has waived its

sovereign immunity or Congress has abrogated it.  *See Dean v. U. at Buffalo Sch. of Med. and

Biomed. Sci.*, 804 F.3d 178, 193 (2d Cir. 2015).  "It is well-established that New York has not

consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's

sovereign immunity."  *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (citations

omitted).

Here, Plaintiff seeks injunctive relief and damages from the Attorney General of New York, Eric Schneiderman, in his official capacity and the State of New York of $10,068.53 plus interest for violating his due process rights under the Fourteenth Amendment and his right to equal protection under the law pursuant to sections 1983 and 1985 for conspiring against him and depriving him of the proceeds of the sale of the Property.  These claims are asserted against the state and thus barred by the Eleventh Amendment.  Because the Eleventh Amendment acts as a "jurisdictional bar" to suits against the State and suits against state officials that are in fact suits against the State, Plaintiff's claims against these Defendants are dismissed.[1]  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S 89, 100 (1984)),

**B.  § 1983 Claims against Hayes and Darby**

The Complaint alleges that all Defendants are liable under 42 U.S.C. § 1983 for violating his Fourteenth Amendment rights by seizing the proceeds of his property without due process. These claims against the remaining Defendants, attorneys Hayes and Darby, cannot be sustained under § 1983 and are dismissed.

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage."  42 U.S.C. § 1983.  Private parties are therefore not generally liable under the statute.  *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. V. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S.

---

[1]  Whether dismissal is proper under Rule 12(b)(1) or 12(b)(6) is unclear.  The Supreme Court has expressly declared that the question of whether "Eleventh Amendment immunity is a matter of subject matter jurisdiction" is one that "we have not decided."  *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998)), *accord Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013).

288, 295 (2001)); *see also Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

("[T]he United States Constitution regulates only the Government, not private parties.").

To sustain a § 1983 claim against a private entity, the Complaint must "allege facts

demonstrating that the private entity acted in concert with a state actor to commit an

unconstitutional act." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (internal quotations

omitted). "Put differently, a private actor acts under color of state law when the private actor is a

willful participant in joint activity with the State or its agents." *Id*. (quoting *Ciambriello*, 292

F.3d at 324) (internal quotations omitted).

Here, the Complaint alleges that Defendants Hayes and Darby "conspired to deprive

Plaintiff of his proceeds from the sale of his home by devising a scheme to utilize a Court

Application to legitimize the real estate transaction and mask the distribution of the proceeds

resulting from the sale of Plaintiff's home . . . ." The Complaint further alleges that "Defendants

continue to block Plaintiff's access to recover the $10,068.53 identified as being held by the

court," and that "Defendants, by virtue of their authority, seized the Plaintiff's proceeds from the

sale of his rightfully owned property," and denying him equal protection and due process.

Defendants Hayes and Darby are private parties who do not work for any state or other

government body and, even reading the Complaint liberally, the Complaint contains no factual

allegations that Defendants Hayes and Darby acted in concert with a state actor, nor that the state

and private actors shared some common goal to violate Plaintiff's rights. *See Betts*, 751 F.3d at

84-85. The Complaint alleges that Hayes and Darby used a paper formatted as a Court filing to

legitimize the sale of the Property and later appeared before a court, but this does not constitute

state action or action under the color of state law. Thus, the Complaint fails to state claims

against Defendants Hayes and Darby.

### C.  The Rooker-Feldman Doctrine Bars Plaintiff's Claims

Plaintiff's claim appears to arise from the same set of facts as the suit he filed in the State Supreme Court, and in substance therefore seeks review of a state court judgment dismissing Hayes from suit.

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)).  There are "four requirements for the application of *Rooker–Feldman*": (1) the federal-court plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by a state court judgment"; (3) the plaintiff "invite[s] . . . review and rejection of that judgment"; and (4) the state judgment was "rendered before the district court proceedings commenced."  *Hoblock v. Albany Cty. Bd. of Elections.*, 422 F.3d 77, 85 (2d Cir. 2005) (internal alterations and quotation marks omitted).

Here, all four requirements are met.  First, Plaintiff filed a complaint in the State Supreme Court of New York against Hayes, Darby, and Clements on April 8, 2010, Index No. 104602/2010, for breach of fiduciary duty, fraud, aiding and abetting fraud, conversion, attorney malpractice, and violation of Judiciary Law 487.  Plaintiff's Complaint states that on June 17, 2011, more than five years before the action before this Court was filed, the State Supreme Court of New York issued a decision and order dismissing all causes of action against Hayes and Clements and "severed and continued" claims against Darby, which remain pending.  Second, Plaintiff alleges that he was deprived of due process and equal protection by the Defendants' actions, including Defendant Schneiderman's.  In his Opposition to the State of New York and Attorney General's Motion to Dismiss, Plaintiff notes that "a State Judicial Officer [] attempt[ed]

to bar Plaintiff from prosecuting his case in State Court," and then cites to "Exhibit K," which is a decision granting a motion to quash Plaintiff's subpoena signed by Judge Geoffrey Wright of the Supreme Court of the State of New York.  Plaintiff's reference in his Opposition appears to object to the statement in Judge Wright's decision noting, "[i]f Plaintiff were an attorney, he would have been sanctioned.  He is hereby directed to refrain from continuing this litigation in any manner."  The decision, signed March 4, 2015, notes that it is a final disposition and that the Appellate Division "affirmed the dismissal of Mr. Carr's complaint against Pamela Hayes. . . ."

The Complaint appears to invite review of the State Court's decision.  To the extent Plaintiff seeks review of the State Court decision, the *Rooker-Feldman* doctrine bars such claims.

### D.  Leave to Amend

District courts generally grant a pro se plaintiff opportunity to amend a complaint to cure its defects, but leave to amend is not warranted where it would be futile.  *See Hill*, 657 F.3d at 122-24.  Here, Plaintiff's claims cannot be cured with an amendment.

Although a claim for injunctive relief might theoretically be brought against Attorney General Schneiderman, *Ex Parte Young*, 209 U.S. 123 (1908) (holding that the Eleventh Amendment does not bar suits to enjoin state officials from enforcing unconstitutional laws), Plaintiff's claim would still fail to survive a motion to dismiss under Rule 12(b)(6).  The Complaint lacks any specific allegations against Defendant Schneiderman and includes only general and conclusory averment that Defendants "conspired" against Plaintiff to deprive him of the proceeds of the sale of the Property.  The only factual allegations about the Attorney General is that Plaintiff complained to the Attorney General to recover money from the sale of the Property and the Attorney General's office responded that it was forwarding Plaintiff's

correspondence to the Consumer Frauds Bureau.  Even under the most liberal reading of the facts, these allegations cannot be cured by amendment.

In addition, to the extent that Plaintiff tried to assert state law tort claims against Darby and Hayes, this Court would lack federal jurisdiction over such claims.  *See* 28 U.S.C. § 1367 (supplemental jurisdiction).  Any such claims against Hayes also would be barred by the Rooker-Feldman doctrine.

For the foregoing reasons, Plaintiff's claims are dismissed without leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED.  The Clerk of Court is directed to close Docket Numbers 11, 18, and 24; mail a copy of this decision to the pro se Plaintiff; and terminate this case.

SO ORDERED.

Dated:  June 29, 2016
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE